Loring-, J.,
delivered tbe opinion of tbe court:
Tbe suit is brought by tbe firm for tbe property of tbe firm; and, on tbe facts found, tbe locality of tbe firm, as a trader, was in Maryland, where and under tbe laws of which its mercantile bouse was established. This fixe's tbe nationality of tbe firm, as to which tbe locality of any branch of its business is immaterial. Tbe result is that tbe firm, established in loyal territory, by its agent, a disloyal person, appointed during tbe war, purchased tbe cotton in tbe disloyal State of Georgia. This was trading with tbe enemy, and tbe case is within tbe decision of tbe United States v. Grossmeyer, (9 Wall., 72.)
It was contended for tbe claimants that Morrison was tbe agent of A. F. Cramer, individually, and that be acted as tbe agent of tbe firm, appointed before tbe war; so that tbe case was of an agent appointed before tbe war ancl acting in it in tbe collection of debts. We think tbe evidence shows that A. F. Cramer, as a member of tbe firm, and by bis authority as such, used its property in a transaction of which be was to share tbe profit or loss’ with its other members. This is proved by tbe petition, in which be is a jiarty to this suit.
Tbe judgment of tbe court is that tbe petition be dismissed.
Drake, O. J., and Nott, J., dissented upon tbe ground that there being no actual communication across tbe military lines, it was immaterial where the principal office or place of business of -the firm was situated, and that it was tbe right and duty of tbe resident partner to save tbe partnership fund by investment.